**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ASHLEY ALVAREZ and MARK SOWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>Defendant. | Case No. 1:24-cv-00722-GLR<br><br>**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Ashley Alvarez and Mark Sowell ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Outten & Golden LLP, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1. Defendant Government Employees Insurance Company d/b/a GEICO ("Defendant" or "GEICO") is in the business of providing vehicle insurance, property insurance, and business insurance. GEICO has the second largest market share among automobile insurers in the United States.[1] GEICO operates in all fifty states, including California and Massachusetts.

2. Plaintiffs are former non-exempt employees who worked for GEICO as Special Investigators.[2] Plaintiffs' job was to investigate claims of suspected insurance fraud. GEICO

---

1 Berkshire Hathaway Inc., Annual Report (Form 10-K) (Feb. 27, 2023).

2 "Special Investigator" is an overarching job title that GEICO applied to Plaintiffs and other employees with substantially similar job duties. Notwithstanding changes in job titles over time, "Special Investigator" is used herein to refer to all such employees who performed similar investigative work and were subject to the same overtime practices. These job titles include, *inter alia*, Level 65 Special Investigators, Level 66 Special Investigators, Special Investigator

assigns cases of suspected insurance fraud to Special Investigators, who are responsible for documenting evidence of fraud. As part of this process, Special Investigators' job duties included, among other things, reviewing case files; running background checks; examining provider billing reports; driving out to medical facilities, accident scenes, or theft sites; gathering evidence; interviewing witnesses and law enforcement; confirming police reports; canvassing and surveilling scenes; conducting examinations under oath; and writing and submitting reports about their findings in cases. Due to the nature of the work, the majority of Special Investigators have prior experience in law enforcement as detectives and/or police officers.

3. GEICO had a practice of requiring Plaintiffs and similarly situated employees to work without pay, including substantial overtime work. GEICO assigned Special Investigators an ever-increasing workload, knowing this work would require substantially more than 40 hours per week to complete. But in an effort to minimize its labor costs, GEICO prohibited Special Investigators from working overtime without prior permission, routinely denied permission when asked, and actively deterred Special Investigators from reporting overtime.

4. At the same time, GEICO insisted that Special Investigators meet a battery of performance metrics to remain in good standing – metrics that could only be satisfied by working substantial overtime hours. Among other factors, Special Investigators were evaluated by how many hours it took them to complete a case task, how often they made an entry in a case report, how many days they took to close a case, and how many cases they completed within a month. These metrics were tied to completing all such work within 7.75 hours per day (adding up to 38.75 hours per week). Failure to complete work within these allotted hours negatively

---

Trainers, SIU Investigators, Security Investigators, Senior Outside Security Investigators, Outside Field Investigators, Medical Investigators, Medical Fraud Investigators, Inside Medical Investigators, and Lead Investigators.

impacted performance ratings and were grounds for disciplinary action up to and including termination. Coupled with a rising caseload, the predictable result was that Special Investigators worked off the clock and did not report those hours in GEICO's timekeeping system.

5. GEICO should have been aware of the natural consequences of its employment practices, because it has defended multiple lawsuits alleging similar practices. In 2021, non-exempt insurance adjusters sued GEICO for unpaid overtime worked off the clock in at least six separate lawsuits across the country.[3] Like the Special Investigators in this case, these adjusters alleged that GEICO only permitted them to enter up to 38.75 hours per week for compensation, but that they regularly worked overtime off the clock because of pressure to meet GEICO's quotas and avoid disciplinary action.[4]

6. By maintaining these practices throughout the relevant time periods, knowing that the predictable result would be to force Special Investigators to work off the clock on a regular basis, GEICO willfully violated the Fair Labor Standards Act, California Wage Laws, and Massachusetts Wage Laws. Indeed, as more fully described below, GEICO had actual knowledge that unpaid work was occurring, but did nothing to stop it.

---

[3] *See Rieske v. Gov't Emps. Ins. Co.*, No. 21 Civ. 4122 (E.D.N.Y.); *Pugliese v. Gov't Emps. Ins. Co.*, No. 21 Civ. 11629 (D. Mass.); *Biscardi v. Gov't Emps. Ins. Co.*, No. 21 Civ. 2240 (D. Md.); *Zambito v. Gov't Emps. Ins. Co.*, No. 21 Civ. 2223 (M.D. Fl.); *Erford v. Gov't Emps. Ins. Co.*, No. 21 Civ. 314 (E.D.N.C.); *Hart v. Gov't Emps. Ins. Co.*, No. 21 Civ. 859 (M.D. Pa.).

[4] For example, adjusters in New York alleged that they "are required to handle an assigned quota of inspections and claims each day and are allotted 7.75 hours of pay to complete their daily quota" but "routinely cannot meet GEICO's production quotas within the allotted 7.75 hours. If Adjusters do not complete their quota in the allotted 7.75 hours per day, they suffer in their productivity metrics, which can lead to compensation ramifications or disciplinary action. Rather than face those penalties, Adjusters perform work off-the-clock" and "[i]n order to complete the number of claims timely to meet GEICO's quota and within GEICO's allotted 7.75 hours of pay per day, Adjusters regularly worked outside of their allotted 7.75 hours without pay." *Rieske*, No. 21 Civ. 4122 (E.D.N.Y.), ECF No. 45, at 5.

7. Plaintiffs seek to recover unpaid wages on behalf of non-exempt Special Investigators and other variously titled employees with substantially similar job duties ("Collective Members") who worked in the United States, excluding New York, for GEICO pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA").[5]

8. Plaintiffs also seek to recover unpaid wages on behalf of non-exempt Special Investigators and other variously titled employees with substantially similar job duties who worked for GEICO in the state of California ("California Class Members") and in the state of Massachusetts ("Massachusetts Class Members") pursuant to the applicable state laws.

## THE PARTIES

***Plaintiff Ashley Alvarez***

9. Plaintiff Alvarez is a resident of Gambrills, Maryland. Plaintiff Alvarez worked as a Special Investigator for GEICO from approximately February 2019 to August 2021. She lived in Los Angeles, California and was assigned to GEICO's San Diego, California office from February 2019 to June 2020. She then lived in Orlando, Florida and was assigned to GEICO's Lakeland, Florida office from June 2020 to August 2021.

10. Plaintiff Alvarez is a covered employee within the meaning of the FLSA and California state law.

11. Plaintiff Alvarez's last regular rate of pay was $31.54 per hour.

---

5 A collective of over two dozen Special Investigators is presently suing GEICO on behalf of a class of New York Special Investigators with effectively identical off-the-clock claims. *See Fischer et al. v. Gov't Emps. Ins. Co.*, No. 23 Civ. 02848 (E.D.N.Y.), ECF No. 52 ("Second Amended Complaint"). The Plaintiffs here originally asserted claims in the *Fischer* case, but have chosen to refile their claims in this district to ensure that the Court can exercise personal jurisdiction over GEICO. *See* ¶¶ 35-36 below.

12. GEICO paid Plaintiff Alvarez on regularly occurring pay dates, approximately every two weeks.

13. However, GEICO did not pay Plaintiff Alvarez all wages that it owed her on these pay dates, because it did not pay her all overtime wages that she was owed.

14. As alleged throughout this Complaint, GEICO knew that its Special Investigators, including Plaintiff Alvarez, were not paid all of the overtime wages they were owed, but nevertheless issued wage statements reflecting inaccurate numbers of hours worked and gross wages earned. Accordingly, GEICO intentionally and knowingly failed to issue compliant wage statements to Plaintiff Alvarez.

15. Plaintiff Alvarez was injured by GEICO's failure to issue compliant wage statements because she was not able to determine the gross or net wages that should have been paid to her during the period.

16. Throughout her employment with GEICO, Plaintiff Alvarez worked 5 days per week and routinely worked over 8 hours per day and over 40 hours a week, but pursuant to directives from her supervisors, did not report more than 7.75 hours per day (adding up to 38.75 hours per week). During Plaintiff Alvarez's tenure, GEICO assigned her work that required her to spend extensive but highly variable hours both at home and in the field to investigate cases assigned to her.

17. GEICO did not assign Plaintiff Alvarez a schedule, because most of her work was done in the field or from home, away from GEICO's office. Plaintiff Alvarez rarely had the opportunity to take a lunch break, as she regularly had to drive long distances during the day to examine medical facilities, accident scenes, or theft sites. Accordingly, she rarely had an uninterrupted meal break and ate meals while working, as a direct result of GEICO's policies.

18. Plaintiff Alvarez regularly worked from 8:00 AM to 4:30 PM, 5 days per week, without uninterrupted rest or meal breaks. Plaintiff Alvarez often worked 2 hours each workday after 4:30 PM and another 2 hours each weekend. During these overtime hours, Plaintiff Alvarez would, among other things, type notes from her fieldwork; upload recordings, pictures, and signed documents from her fieldwork; and type up witness statements in order to meet activity metrics and keep up with the job's demand. At times, Plaintiff Alvarez worked over 12 hours per day during her employment in California.

19. Beginning in March 2020, at the beginning of the COVID-19 pandemic, Alvarez was required to work primarily from home and her workload increased. GEICO, assuming (inaccurately) that working from home would require fewer hours, increased the number of cases it assigned Alvarez. In or around April 2020, Plaintiff Alvarez was assigned 9 cases per day, for a total of approximately 140-160 cases per month, until her departure in August 2021. This workload was almost double her previous workload of 5 new cases per day in 2019, which totaled approximately 80-100 cases per month. Further, GEICO supervisors did not generally approve overtime, except for a brief period between approximately May and August of 2020, when they offered to pay overtime to Special Investigators who took on additional cases, on top of their already-high workload. Plaintiff Alvarez, already overworked, did not take on this added work, and continued to report the 38.75 hours that her supervisors told her to report. As a result, GEICO did not pay Plaintiff Alvarez for all hours worked in excess of 40 hours per workweek.

20. In full workweeks – i.e., weeks in which Alvarez worked at least 5 days, without days lost to holidays or other time off – these assignments required her to work approximately 54.5 hours per week. Specifically, Plaintiff Alvarez recalls working approximately 55 hours per week during the weeks of November 25, 2019 and November 23, 2020.

21. With rare exceptions during the relevant period, GEICO did not pay Plaintiff Alvarez for all hours worked in excess of 38.75 hours per workweek, including overtime pay for hours worked in excess of 8 or 12 hours per day and in excess of 40 hours per workweek.

22. GEICO prevented or discouraged Plaintiff Alvarez from taking an uninterrupted thirty-minute meal period when she worked at least five hours.

23. GEICO prevented or discouraged Plaintiff Alvarez from taking an uninterrupted 10-minute rest break every four hours of work.

24. The extreme workload that GEICO assigned Plaintiff Alvarez and other Special Investigators made it virtually impossible for her to take uninterrupted meal and rest breaks. GEICO assigned Plaintiff Alvarez a voluminous caseload with short deadlines and performance metrics tied to complying with those deadlines. GEICO placed intense pressure on Plaintiff Alvarez to meet these metrics and, given the volume of work, it was difficult to take full, uninterrupted meal and rest breaks on most days of her employment.

25. Prior to March 2020, while still working in the field, Plaintiff Alvarez told her manager, Cory Forseth, that GEICO's demands were interfering with her ability to take meal and rest breaks. Forseth told Plaintiff Alvarez that instead of taking an uninterrupted meal or rest break, she could use her time driving between client meetings to eat or take a break, but he instructed her to enter her time as though she had taken full meal and rest breaks regardless. Pursuant to that instruction, Alvarez continued to enter breaks and meal periods in GEICO's timekeeping system even on days when she was not able to take them.

26. GEICO could have taken steps to relieve Plaintiff Alvarez and other Special Investigators from all duty to ensure that she was able to take adequate meal or rest breaks, for

example by adjusting expectations for timely compliance with deadlines and other performance expectations. However, GEICO failed to take any such measures.

27. Plaintiff Alvarez regularly ate meals while working and skipped rest breaks throughout much of her employment with GEICO in California.

28. Plaintiff Alvarez recalls entering more than 38.75 hours for one workweek into GEICO's timekeeping system in or around October 2020. Plaintiff Alvarez's supervisor, Eduardo Lopez, altered her timecard so that it only reflected 38.75 hours for that workweek. During a subsequent one-on-one meeting via video teleconference with Lopez, Plaintiff Alvarez asked about this alteration, and Lopez responded that he would not approve her overtime request and that she should not enter more than 7.75 hours per day into the timekeeping system. Lopez told Plaintiff Alvarez that she should not work more than 7.75 hours per day because she was not doing as much fieldwork as she was before. Lopez also told Plaintiff Alvarez that she should not send emails that can be documented after 4:30 PM.

29. In or around July 2021, Plaintiff Alvarez raised concerns about her overtime hours and workload during a video teleconference call with Lopez and René Cubas, the Region 4 Manager. During this call, Lopez and Cubas put Plaintiff Alvarez on an action plan because they said they believed she was falling behind. Plaintiff Alvarez told them that it was difficult for her to complete all of her work within the regular workday and that she had been working overtime because she was tasked with doing side investigations, a glass investigation, and her regular caseload. Lopez and Cubas simply said that she needed to complete the work within 7.75 hours each day. Plaintiff Alvarez submitted her two-weeks' notice shortly thereafter and left GEICO in August 2021.

30. Plaintiff Alvarez's written consent to join this action pursuant to 29 U.S.C.

§ 216(b) is attached hereto as **Exhibit A**.

***Plaintiff Mark Sowell***

31. Plaintiff Sowell is a resident of Holyoke, Massachusetts. Plaintiff Sowell worked as a Special Investigator for GEICO from approximately May 2017 to August 2021. He worked remotely throughout his tenure, either in the field or from his home, and was assigned to GEICO's Buffalo, New York office.

32. On July 29, 2022, Sowell's counsel herein executed a tolling agreement with GEICO, which is attached hereto as **Exhibit B**. The tolling agreement provided that Sowell's statute of limitations under the FLSA and state wage and hour laws would be tolled from the date of execution until 10 days after either party gives written notice of cancellation.

33. To date, neither party has cancelled Plaintiff Sowell's tolling agreement.

34. Plaintiff Sowell is a covered employee within the meaning of the FLSA and Massachusetts state law.

35. Plaintiff Sowell's last regular rate of pay was $33.28 per hour.

36. Throughout his employment with GEICO, Plaintiff Sowell worked 5 days per week and routinely worked over 8 hours per day and over 40 hours a week, but pursuant to directives from his supervisors, did not report more than 7.75 hours per day (adding up to 38.75 hours per week). From May 2017 to March 2020, GEICO assigned Plaintiff Sowell work that required him to spend extensive but highly variable hours both at home and in the field to investigate cases assigned to him.

37. On a handful of occasions in 2018, 2019, and 2020 – no more than 22 days in total, according to GEICO's records – Sowell's supervisors made exceptions and approved

overtime. These approved overtime days were scattered across workweeks, and total no more than 29 overtime hours throughout this time period.

38. Beginning in March 2020, at the beginning of the COVID-19 pandemic, Plaintiff Sowell was required to work primarily from home and his workload increased. GEICO, assuming (inaccurately) that working from home would require fewer hours, increased the number of cases it assigned Sowell.

39. From March 2020 to August 2021, Sowell continued to report 38.75 hours per week because his GEICO supervisors told him that he was not allowed to report more without prior supervisory approval. GEICO supervisors did not generally approve overtime, with the exceptions noted above, except for a brief period between approximately May and August of 2020, when they offered to pay overtime to Special Investigators who took on additional cases, on top of their already-high workload. Plaintiff Sowell, already overworked, did not take on this added work, and continued to report the 38.75 hours that his supervisors told him to report. As a result, GEICO did not pay Plaintiff Sowell for all hours worked in excess of 40 hours per workweek.

40. GEICO did not assign Plaintiff Sowell a schedule, because most of his work was done in the field or from home, away from GEICO's office. Plaintiff Sowell regularly worked from 6:00 AM to 6:00 PM, 5 days per week, without uninterrupted meal breaks. Plaintiff Sowell often worked approximately 1 hour each Sunday completing background checks, among other things, to prepare for the upcoming workweek.

41. Accounting for some gaps in his workday for self-care, Plaintiff Sowell's assignments required him to regularly work approximately 60 hours per week in full workweeks – i.e., weeks in which Sowell worked at least 5 days, without days lost to holidays or other time

off. Specifically, Plaintiff Sowell recalls working approximately 60 hours per week during the week of July 6, 2020.

42. With rare exceptions during the relevant period, GEICO did not pay Plaintiff Sowell for all hours worked in excess of 38.75 hours per workweek, including overtime pay for hours worked in excess of 8 hours per day and in excess of 40 hours per workweek.

43. Plaintiff Sowell's written consent to join this action pursuant to 29 U.S.C. § 216(b) is attached hereto as **Exhibit C.**

***Defendant GEICO***

44. Defendant GEICO is an indirect wholly owned subsidiary of Berkshire Hathaway, Inc.

45. GEICO's headquarters and principal place of business are located at 5260 Western Avenue, Chevy Chase, Maryland, 20815.

46. GEICO does business throughout the United States. It has Regional Offices in Buffalo, New York; Dallas, Texas; Fredericksburg, Virginia; Indianapolis, Indiana; Lakeland, Florida; Macon, Georgia; San Diego, California; Tucson, Arizona; Virginia Beach, Virginia; and Woodbury, New York.

47. At all relevant times, Special Investigators reported to supervisors based in the various regional offices noted above.

48. At all relevant times, GEICO was and is an "employer" within the meaning of the FLSA, California Wage Laws, and Massachusetts Wage Laws and, at all relevant times, employed Plaintiffs and Special Investigators.

49. At all times relevant, GEICO maintained control, oversight and direction over Plaintiffs and similarly situated employees. This consisted of maintaining timekeeping and

payroll records and systems; supervising and directing their work; evaluating their work using various time-based performance metrics; and tracking the tasks they performed using GEICO's case management software and other supervisory tools.

50. GEICO applies the same employment policies, practices, and procedures to all Collective and Class Members.

51. At all relevant times, GEICO's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

52. This Court has subject matter jurisdiction pursuant to 8 U.S.C. § 1331, 1332, and 1367, and by 29 U.S.C. § 201, *et. seq*.

53. Defendant is subject to personal jurisdiction in Maryland. This Court has general jurisdiction over Defendant, as the Defendant's headquarters and principal place of business are located in Chevy Chase, Maryland.

54. Venue is proper in the District of Maryland pursuant to 28 U.S.C. § 1391(b)(1) because the sole Defendant resides in this District.

55. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FLSA COLLECTIVE ACTION ALLEGATIONS

56. Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and Collective Members.

57. The FLSA Collective is defined as follows:

> All current and former non-exempt classified employees of GEICO who worked as Special Investigators (including comparable roles with different titles) throughout the United States, excluding New York, during the time period from three years prior to the

filing of the Complaint until resolution of this action (referred to herein as the "Collective Members").

58. All of the work that Plaintiffs and Collective Members have performed has been assigned by GEICO, and/or GEICO has been aware of all of the work that Plaintiffs and Collective Members have performed.

59. As part of its regular business practice, GEICO has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and Collective Members. This policy and pattern or practice includes, but is not limited to:

a. willfully failing to pay Plaintiffs and Collective Members overtime wages for all of the hours that they worked for GEICO in excess of 40 hours per workweek; and

b. willfully failing to record all of the time that its employees, including Plaintiff and putative Collective Members, have worked for Defendant.

60. GEICO is aware or should have been aware that the FLSA requires them to pay non-exempt employees an overtime premium for hours worked in excess of 40 per workweek.

61. GEICO's unlawful conduct has been widespread, repeated, and consistent.

62. The Collective Members are known to GEICO, are readily identifiable, and can be located through GEICO's records.

63. Court-authorized notice should issue to the Collective Members to provide them with an opportunity to learn about this lawsuit and submit a consent to join form pursuant to 29 U.S.C. § 216(b) if they wish to join it.

## CALIFORNIA CLASS ALLEGATIONS

64. Plaintiff Ashley Alvarez ("the California Plaintiff") brings the Second through Sixth Causes of Action under California law and under Fed R. Civ. P. 23(a) and (b), on behalf of

herself and all similarly situated Special Investigators who worked for GEICO in California during the period between four years prior to the filing of this Complaint and the date of final judgment in this matter (the "California Class").

65. Excluded from the California Class are GEICO, its legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in GEICO; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Class.

66. All of the work that the California Plaintiff and the members of the California Class (collectively, the "California Class Members") have performed has been assigned by GEICO, and/or GEICO has been aware of all of the work that the California Plaintiff and Collective Members have performed.

67. As part of its regular business practice, GEICO has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating California state law with respect to the California Class Members. This policy and pattern or practice includes, but is not limited to:

a. willfully failing to pay the California Plaintiff and California Class Members overtime wages for all of the hours that they worked for GEICO in excess of 8 hours per workday or double pay for hours worked in excess of 12 hours per workday;

b. willfully failing to pay the California Plaintiff and California Class Members overtime wages for all of the hours that they worked for GEICO in excess of 40 hours per workweek;

c. willfully failing to pay the California Plaintiff and California Class Members wages at their agreed rate of pay for all of the hours that they worked for GEICO; and

d. willfully failing to record all of the time that its employees, including the California Plaintiff and putative California Class Members, have worked for GEICO.

68. GEICO is aware or should have been aware that California Wage Laws require them to pay employees performing non-exempt duties for all hours worked, and to pay overtime premiums for hours in excess of 8 hours per workday, 12 hours per workday, and 40 per workweek.

69. GEICO's unlawful conduct has been widespread, repeated, and consistent.

70. California Class Members are readily ascertainable. The number and identity of California Class Members are determinable from GEICO's records. The positions held and the rates of pay for each California Class Member are also determinable from GEICO's records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from GEICO. Notice can be provided by means permissible under Rule 23.

***Numerosity***

71. Upon information and belief, there are more than 40 members in the California Class.

72. The number of putative California Class Members are therefore too numerous to be individually joined in this lawsuit.

***Common Questions of Law and/or Fact***

73. There are questions of law and fact common to the California Plaintiff and California Class Members that predominate over any questions affecting only individual members of the California Class. These common questions of law and fact include, without limitation:

a. whether GEICO failed to keep true and accurate time records for all hours worked by the California Plaintiff and California Class Members;

b. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c. whether GEICO failed and/or refused to pay the California Plaintiffs and California Class Members for all hours worked in violation of California Wage Laws;

d. whether GEICO's violations of California Wage Laws were willful;

e. the nature and extent of the Class-wide injury and the appropriate measure of damages for the California Class;

f. whether GEICO had a policy of failing to pay workers for time that they worked;

g. whether GEICO correctly calculated and compensated the California Plaintiff and the California Class Members for hours worked in excess of 40 per workweek, and/or in excess of 8 hours per workday, and/or in excess of 12 hours per workday;

h. whether GEICO failed to keep and furnish the California Plaintiff and the California Class Members with timely, accurate, and itemized records of hours worked in violation of Cal. Labor Code §§ 226 and 1174;

i. whether GEICO unlawfully failed to furnish the California Plaintiff and the California Class Members with proper meal and rest periods, in violation of Cal. Lab. Code §§ 226.7, 212, and applicable California Wage Orders; and

j. whether GEICO failed to timely pay wages to the California Plaintiff and the California Class Members in violation of Cal. Lab. Code §§ 204, 210.

***Typicality***

74. The California Plaintiff's claims are typical of those claims which could be alleged by any California Class Member, and the relief sought is typical of the relief which would be sought by each California Class Member in separate actions.

75. All California Class Members were subject to the same practices of GEICO, as alleged herein, of failing to pay overtime, failing to pay for off-the-clock work, and failing to provide proper wage statements and notices.

76. The California Plaintiff and the California Class Members have all sustained similar types of damages as a result of GEICO's failure to comply with California Wage Laws.

77. The California Plaintiff and the California Class Members have all been injured in that they have been uncompensated or under-compensated due to GEICO's common policies, practices, and patterns of conduct. GEICO's corporate-wide policies and practices affected all California Class Members similarly, and GEICO benefited from the same type of unfair and/or wrongful acts as to each of the California Class Members.

78. The California Plaintiff and California Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

79. The California Plaintiff can fairly and adequately represent and protect the interests of the Class that she seeks to represent because Plaintiff's interests do not conflict with the interests of the members of the California Class.

80. The California Plaintiff is represented by counsel who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

***Superiority***

81. A class action is superior to other available means for the fair and efficient adjudication of this controversy – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant. Individual joinder of all California Class Members is not practicable, and questions of law and fact common to the California Plaintiff and California Class Members predominate over any questions affecting only individual members of the

California Class. Individualized litigation increases the delay and expense to all parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

82. The prosecution of separate actions by the individual members of the California Class would create a risk of inconsistent or varying adjudication with respect to individual members of the California Class, and, in turn, would establish incompatible standards of conduct for GEICO.

83. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the parties and the judicial system.

84. The California Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

**MASSACHUSETTS CLASS ALLEGATIONS**

85. Plaintiff Mark Sowell (the "Massachusetts Plaintiff") brings the Seventh and Eighth Causes of Action under the Massachusetts Wage Laws and under Fed R. Civ. P. 23(a) and (b), on behalf of himself and all similarly situated Special Investigators who worked for GEICO in Massachusetts during the period between three years prior to the filing of the original Complaint in this action and the date of final judgment in this matter (the "Massachusetts Class").

86. Excluded from the Massachusetts Class are GEICO, its legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in GEICO; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Massachusetts Class.

87. All of the work that the Massachusetts Plaintiff and members of the Massachusetts Class (collectively, the "Massachusetts Class Members") have performed has been assigned by GEICO, and/or GEICO has been aware of all of the work that the Massachusetts Plaintiff and Collective Members have performed.

88. As part of its regular business practice, GEICO has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the Massachusetts Wage Laws with respect to Massachusetts Plaintiff and Massachusetts Class Members. This policy and pattern or practice includes, but is not limited to:

a. willfully failing to pay the Massachusetts Plaintiffs and Massachusetts Class Members overtime wages for all of the hours that they worked for GEICO in excess of 40 hours per workweek;

b. willfully failing to pay the Massachusetts Plaintiff and Massachusetts Class Members wages at their agreed rate of pay for all of the hours that they worked for GEICO; and

c. willfully failing to record all of the time that its employees, including the Massachusetts Plaintiff and putative Massachusetts Class Members, have worked for Defendant.

89. GEICO is aware or should have been aware that the Massachusetts Wage Laws require them to pay employees performing non-exempt duties for all hours worked, and to pay overtime premiums for hours in excess of 40 per workweek.

90. GEICO's unlawful conduct has been widespread, repeated, and consistent.

91. Massachusetts Class Members are readily ascertainable. The number and identity of Massachusetts Class Members are determinable from GEICO's records. The positions held and the rates of pay for each Massachusetts Class Member are also determinable from GEICO's records. For the purpose of notice and other purposes related to this action, their names and

addresses are readily available from GEICO. Notice can be provided by means permissible under Rule 23.

***Numerosity***

92. Upon information and belief, there are more than 40 members in the Massachusetts Class.

93. The number of putative Massachusetts Class Members are therefore too numerous to be individually joined in this lawsuit.

***Common Questions of Law and/or Fact***

94. There are questions of law and fact common to the Massachusetts Plaintiff and Massachusetts Members that predominate over any questions affecting only individual members of the Massachusetts Class. These common questions of law and fact include, without limitation:

a. whether GEICO failed to keep true and accurate time records for all hours worked by the Massachusetts Plaintiff and Massachusetts Class Members;

b. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c. whether GEICO failed and/or refused to pay the Massachusetts Plaintiff and Massachusetts Class Members for all hours worked in violation of the Massachusetts Wage Laws;

d. whether GEICO’s violations of the Massachusetts Wages Laws were willful;

e. the nature and extent of the Class-wide injury and the appropriate measure of damages for the Massachusetts Class;

f. whether GEICO had a policy of failing to pay workers for time that they work; and

g. whether GEICO correctly calculated and compensated the Massachusetts Plaintiff and Massachusetts Class Members for hours worked in excess of 40 per workweek.

***Typicality***

95. The Massachusetts Plaintiff's claims are typical of those claims which could be alleged by any Massachusetts Class Member, and the relief sought is typical of the relief which would be sought by each Massachusetts Class Member in separate actions.

96. All Massachusetts Class Members were subject to the same practices of GEICO, as alleged herein, of failing to pay overtime, failing to pay for off-the-clock work, and failing to provide proper wage statements and notices.

97. The Massachusetts Plaintiff and Massachusetts Class Members have all sustained similar types of damages as a result of GEICO's failure to comply with the Massachusetts Wage Laws.

98. The Massachusetts Plaintiff and Massachusetts Class Members have all been injured in that they have been uncompensated or under-compensated due to GEICO's common policies, practices, and patterns of conduct. GEICO's corporate-wide policies and practices affected all Massachusetts Class Members similarly, and GEICO benefited from the same type of unfair and/or wrongful acts as to each of the Massachusetts Class Members.

99. The Massachusetts Plaintiff and Massachusetts Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

100. The Massachusetts Plaintiff is able to fairly and adequately represent and protect the interests of the Massachusetts Class that he seeks to represent because the Massachusetts Plaintiff's interests do not conflict with the interests of the members of the Massachusetts Class.

101. The Massachusetts Plaintiff is represented by counsel who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

***Superiority***

102. A class action is superior to other available means for the fair and efficient adjudication of this controversy – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant. Individual joinder of all Massachusetts Class Members is not practicable, and questions of law and fact common to the Massachusetts Plaintiff and Massachusetts Class Members predominate over any questions affecting only individual members of the Massachusetts Class. Individualized litigation increases the delay and expense to all parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

103. The prosecution of separate actions by the individual members of the Massachusetts Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Massachusetts Class, and, in turn, would establish incompatible standards of conduct for GEICO.

104. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the parties and the judicial system.

105. The Massachusetts Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COMMON FACTUAL ALLEGATIONS

***Overtime Wages Owed to Special Investigators***

106. GEICO is in the business of providing vehicle insurance, property insurance, and business insurance. GEICO operates in all fifty states, including California and Massachusetts.

107. GEICO's performance metrics/ratings and case assignments are structured such that Special Investigators must regularly work off-the-clock, including working overtime, or else risk disciplinary action. GEICO determines Special Investigators' caseloads and regularly assigns more cases each week. Special Investigators' daily work includes time-intensive field work (including driving and canvassing scenes)[6] and interviews (including conducting investigations under oath). Special Investigators must also ensure that they are meeting GEICO's performance metrics and do so by reviewing and accepting a new case assignment within a certain number of hours (typically 24 hours or less); making regular entries into each case file; and closing cases and submitting reports in a timely manner, or else risk getting a negative evaluation and being subject to disciplinary action.

108. Special Investigators are not compensated for the hours they work off the clock above 38.75 hours per week, including hours worked in excess of 40 per week, except in limited circumstances, as described in Paragraph 27.

109. GEICO further disincentivizes Special Investigators from reporting this off-the-clock or unrecorded time through its evaluation system by using metrics that result in lower

---

[6] During the height of the COVID-19 pandemic, field operations were halted from March 2020 to approximately November 2021, so all work was done remotely. However, GEICO's point-based work allocation system assigned remote cases a lesser value than in-person field work, under the inaccurate assumption that remote work could be completed in less time. Subsequently, GEICO increased Special Investigators' caseloads and they had to work significant overtime to complete more cases and keep up with performance metrics.

evaluation scores when Special Investigators report working more time. If a Special Investigator reports working additional hours, and a supervisor approves the submission of additional hours, this leads to reduced performance ratings.

110. The time that GEICO requires Special Investigators to work without compensation deprived them of substantial pay to which they are entitled under the FLSA, California Wage Laws, and Massachusetts Wage Laws, including overtime pay for hours worked in excess of 40 per week.

111. GEICO was aware that Special Investigators worked more than 40 hours per workweek, yet GEICO failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

112. However, GEICO was aware that Special Investigators routinely worked more than 40 hours per workweek. Special Investigators had conversations and meetings with their supervisors and upper management about their caseload and hours worked, including complaints about unpaid overtime.

113. Plaintiffs are informed, believe, and thereon allege that GEICO's unlawful conduct has been widespread, repeated, and consistent as to the Collective and Class Members and throughout GEICO's operations. GEICO's unlawful conduct and pay practices stem from a corporate policy to limit labor expenses.

114. GEICO was or should have been aware that the FLSA, California Wage Laws, and Massachusetts Wage Laws required it to pay Special Investigators overtime compensation for all hours worked in excess of 40 per week.

115. GEICO was or should have been aware that the FLSA required it to pay Special Investigators for all hours worked, including non-overtime hours worked, if overtime was worked during that pay period.

116. GEICO's failure to pay Special Investigators overtime wages for all hours in excess of 40 hours per workweek was willful, intentional, and in bad faith.

117. GEICO's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Unpaid Overtime Wages**
**(Brought on behalf of Plaintiffs and Collective Members)**

118. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

119. GEICO has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

120. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

121. At all relevant times, Plaintiff and Collective Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

122. The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to GEICO.

123. GEICO is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

124. At all relevant times, Plaintiffs and Collective Members are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

125. GEICO failed to pay Plaintiffs and Collective Members the overtime wages to which they were entitled under the FLSA.

126. GEICO failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and Collective Members.

127. GEICO's violations of the FLSA, as described herein, have been willful and intentional. GEICO failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and Collective Members.

128. Because GEICO's violations of the FLSA have been willful, a three-year statute of limitations applies to this First Cause of Action, pursuant to 29 U.S.C. § 255.

129. As a result of GEICO's willful violations of the FLSA, Plaintiff and putative Collective Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

130. As a result of the unlawful acts of GEICO, Plaintiffs and Collective Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201, *et seq*.

131. Plaintiff Sowell asserts this cause of action as to himself for the time period from July 29, 2019 through the date of judgment in this action.

## <u>SECOND CAUSE OF ACTION</u>
**California Wage Laws – Unpaid Overtime Wages**
**California Wage Order No. 4-2001; Cal. Lab. Code §§ 510, 1194, 1198**
**(Brought on behalf of the California Plaintiff and the California Class)**

132. The California Plaintiff realleges and incorporates by reference all preceding allegations.

133. GEICO has engaged in a widespread pattern, policy, and practice of violating California Wage Laws and California Wage Order No. 4-2001, as detailed in this Complaint.

134. At all times relevant, the California Plaintiff and the California Class Members have been employees of GEICO, and GEICO has been the employer of California Plaintiff and Class Members within the meaning of applicable California Wage Laws.

135. The California Wage Laws require an employer, such as GEICO, to pay overtime compensation to all non-exempt employees for hours worked over forty per workweek or over eight per workday and double the regular rate of pay for work performed in excess of 12 hours per day. The California Plaintiff and all California Class Members are not exempt from overtime pay requirements under California Wage Laws.

136. GEICO failed to pay the California Plaintiff and the California Class Members all overtime wages for all overtime hours worked to which they are entitled under California Wage Laws. GEICO failed to pay the California Plaintiff and the California Class Members for all overtime hours worked at a wage rate of one and one-half times their regular rates of pay.

137. Through its knowing or intentional failure to pay the California Plaintiff and California Class Members wages for all hours worked at the appropriate rate, GEICO has willfully violated the applicable California Wage Laws.

138. As a result of the unlawful acts of GEICO, the California Plaintiff and the California Class Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs and such other relief as provided by law.

**<u>THIRD CAUSE OF ACTION</u>**
**California Wage Laws – Record-Keeping Violations**
**California Wage Order No. 4-2001; Cal. Lab. Code §§ 226, 1174, & 1174.5**
**(Brought by the California Plaintiff and the California Class)**

139. The California Plaintiff realleges and incorporates by reference all preceding allegations.

140. GEICO knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to the California Plaintiff and the California Class Members in accordance with California Wage Order No. 4-2001 and California Labor Code § 226(a). Such failure caused injury to the California Plaintiff and the California Class Members by, among other things, impeding them from knowing the amount of wages to which they were entitled. GEICO failed to maintain accurate records of hours worked by the California Plaintiff and the California Class Members as required under Labor Code § 1174(d).

141. The California Plaintiff and the California Class Members are entitled to and seek injunctive relief requiring GEICO to comply with California Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under California Labor Code §§226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

**<u>FOURTH CAUSE OF ACTION</u>**
**California Wage Laws – Meal and Rest Period Provisions**
**Cal. Wage Order No. 4-2001; Cal. Lab. Code §§ 218.5, 226.7, & 512**
**(Brought by the California Plaintiff and the California Class)**

142. The California Plaintiff realleges and incorporates by reference all preceding allegations.

143. The California Plaintiff and the California Class Members regularly work and/or have worked in excess of five-hour shifts without being afforded at least a half-hour meal break during which they were relieved of all duty, and more than ten-hour shifts without being afforded a second half-hour meal break in which they were relieved of all duty, as required by California Labor Code §§ 226.7 and 512 and Wage Order No. 4-2001, § 11.

144. The California Plaintiff and the California Class Members regularly work and/or have worked in excess of three and one-half hours without being authorized and permitted to take rest periods at the rate of ten minutes net rest time per four hours or major fraction thereof, as required by California Labor Code § 226.7 and Wage Order No. 4-2001, § 12.

145. As a result of the GEICO's failure to afford proper meal and rest periods, GEICO is liable to the California Plaintiff and the California Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal or rest periods were not provided, pursuant to California Labor Code § 226.7 and Wage Order No. 4-2001, §§ 11-12.

**FIFTH CAUSE OF ACTION**
**California Wage Laws – Untimely Payment of Wages**
**Cal. Labor Code §§ 204, 210**
**(Brought by the California Plaintiff and the California Class)**

146. The California Plaintiff realleges and incorporates by reference all preceding allegations.

147. Under Labor Code § 204, labor performed between the 1st and 15th days of any calendar month must be paid for between the 16th and the 26th of that month, and labor performed between the 16th and the last day of any calendar month must be paid for between the

1st and the 10th day of the following month. Other payroll periods such as weekly, biweekly (every two weeks) or semimonthly (twice per month), when the earning period is something other than between the 1st and 15th, and 16th and last day of the month, must be paid within seven calendar days of the end of the payroll period within which the wages were earned.

148. During the applicable period, GEICO failed to pay the California Plaintiff and the California Class Members in a timely manner all of their wages earned, in violation of Cal. Lab. Code § 204, because it still has not paid them overtime wages that they were owed, as alleged throughout this Complaint.

149. The California Plaintiff and the California Class Members seek injunctive relief requiring GEICO to comply with Cal. Lab. Code § 204, and statutory damages under Cal. Lab. Code § 210(a), which provides that persons who fail to pay wages as provided in Section 204 are subject to the following statutory penalties: "(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

**<u>SIXTH CAUSE OF ACTION</u>**
**California Wage Laws – Unfair Competition**
**California Business & Professions Code §§ 17200 *et seq.***
**(Brought by California Plaintiff and the California Class)**

150. The California Plaintiff realleges and incorporates by reference all preceding allegations.

151. The foregoing conduct, as alleged, violated the California Unfair Competition Law ("UCL"). The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

152. Beginning at a date unknown to the California Plaintiff, but at least as long ago as March 11, 2020, GEICO committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. GEICO's conduct as alleged herein injured the California Plaintiff and the California Class Members by wrongfully denying them earned wages, and therefore was substantially injurious to them.

153. GEICO engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

a. FLSA, 29 U.S.C. §§ 201 *et seq.*;

b. Cal. Lab. Code §§ 201-204;

c. Cal. Lab. Code § 1194;

d. Cal. Lab. Code § 226;

e. Cal. Lab. Code § 1174;

f. Cal. Lab. Code § 510; and

g. Cal. Lab. Code § 2802.

154. GEICO's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. GEICO's conduct described herein violated the policy or spirit of such laws or otherwise significantly threatens or harms competition.

155. GEICO's unlawful and unfair business practices and acts, described above, injured the California Plaintiff and the California Class Members.

156. The California Plaintiff, on behalf of herself and the California Class, seeks recovery of attorneys' fees and costs of this action to be paid by GEICO, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

157. The California Plaintiff, on behalf of herself and the California Class, seeks restitution in the amount of the respective unpaid wages earned and due, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, or 8 hours in a day, and double the regular rate of pay for work performed in excess of 12 hours per day.

**SEVENTH CAUSE OF ACTION**
**Massachusetts Wage Law – Unpaid Overtime Wages**
**Mass. Gen. Laws ch. 151, §§ 1A and 1B**
**(Brought on behalf of Massachusetts Plaintiff and the Massachusetts Class)**

158. The Massachusetts Plaintiff realleges and incorporates by reference all preceding allegations.

159. GEICO has engaged in a widespread pattern, policy, and practice of violating the Massachusetts Wage Laws, as detailed in this Complaint.

160. At all times relevant, the Massachusetts Plaintiff and Massachusetts Class Members have been employees of GEICO, and GEICO has employed the Massachusetts Plaintiff and Massachusetts Class Members within the meaning of the Massachusetts Wage Laws.

161. The Massachusetts Plaintiff and Class Members are covered by the Massachusetts Wage Laws.

162. GEICO has failed to pay Massachusetts Plaintiff and Massachusetts Class Members overtime wages to which they are entitled under the Massachusetts Wage Laws.

163. GEICO failed to pay Massachusetts Plaintiff and Massachusetts Class Members overtime at a rate of one and one-half times their regular rate of pay.

164. GEICO failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Massachusetts Plaintiff and Massachusetts Class Members.

165. GEICO's violations of the Massachusetts Wage Laws, as described in this Complaint, have been willful and intentional.

166. Due to GEICO's violations of the Massachusetts Wage Laws, Massachusetts Plaintiff and Massachusetts Class Members are entitled to recover from GEICO unpaid overtime, reasonable attorneys' fees and costs of the action, treble damages as provided for by the Massachusetts Wage Laws, and prejudgment and post-judgment interest.

167. Plaintiff Sowell asserts this cause of action as to himself for the time period from July 29, 2019 through the date of judgment in this action.

## EIGHTH CAUSE OF ACTION

**Massachusetts Wage Law – Untimely Payment of Wages**
**Mass. Gen. Laws ch. 149, §§ 148 and 150**
**(Brought on behalf of Massachusetts Plaintiff and the Massachusetts Class)**

168. The Massachusetts Plaintiff realleges and incorporates by reference all preceding allegations.

169. GEICO has engaged in a widespread pattern, policy, and practice of violating the Massachusetts Wage Laws, as detailed in this Complaint.

170. At all times relevant, the Massachusetts Plaintiff and Massachusetts Class Members have been employees of GEICO, and GEICO has employed the Massachusetts Plaintiff and Massachusetts Class Members within the meaning of the Massachusetts Wage Laws.

171. The Massachusetts Plaintiff and Class Members are covered by the Massachusetts Wage Laws.

172. Mass. Gen. Laws ch. 149, § 148 provides that an employer must pay wages earned by an employee within 6 days of the termination of the pay period during which the wages were earned.

173. GEICO has violated Massachusetts Wage Laws by failing to pay all compensation owed to the Massachusetts Plaintiff and Massachusetts Class Members within 6 days after the end of the pay period during which the wages were earned, including all unpaid overtime wages alleged herein.

174. The Massachusetts Plaintiff has satisfied all prerequisites and conditions precedents necessary to seek the remedies sought in this action.

175. Pursuant to Mass. Gen. Laws ch. 149, §§ 148 and 150, GEICO is liable to the Massachusetts Plaintiff and the Massachusetts Class Members for three times their unpaid compensation, plus attorneys' fees and costs.

176. Plaintiff Sowell asserts this cause of action as to himself for the time period from July 29, 2019 through the date of judgment in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all other similarly situated individuals, pray for the following relief:

A. Designation of this action as a collective action on behalf of Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in collective, apprising them of the pendency of this action, and permitting them to

assert timely claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Certification of this case as a class action on behalf of the California Class and the Massachusetts Class pursuant to Rule 23;

C. Designation of Plaintiffs, respectively, as representatives of the California Class and the Massachusetts Class they seek to represent;

D. Designation of Plaintiffs' counsel of record as Class Counsel for the California Class and the Massachusetts Class;

E. An award of damages, including unpaid overtime wages and unpaid non-overtime wages, treble damages, liquidated damages, and restitution to be paid by Defendant, according to proof;

F. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, et seq., the California Wage Laws and/or the supporting regulations; and the Massachusetts Wage Laws;

G. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing their unlawful practices;

H. Penalties, as provided by law;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Attorneys' fees and costs of the action incurred herein, including expert fees;

K. Reasonable service awards for the named Plaintiffs to compensate them for the time they spent attempting to recover wages for the FLSA Collective, and/or the California Class, and the Massachusetts Class for the risks they took in doing so;

and

L. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: Washington, DC
April 24, 2024

Respectfully submitted,

*/s/ Hannah Cole-Chu*

Hannah Cole-Chu
**OUTTEN & GOLDEN LLP**
1225 New York Ave NW, Suite 1200B
Washington, DC 20005
Telephone: (202) 847-4400
Facsimile: (202) 847-4410
hcolechu@outtengolden.com

Michael J. Scimone*
Jarron D. McAllister*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212-245-1000
Facsimile: 646-509-2060
mscimone@outtengolden.com
jmcallister@outtengolden.com

* Admitted p*ro hac vice*

*Attorneys for Plaintiffs and the Putative Classes and Collective*